UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Melinda Ladd,

       Plaintiff,

v.                                                                                                  Civil No. 08-6470 (JNE/JJG)
                                                                                             ORDER

Mohawk Carpet Distribution, L.P.,
d/b/a Mohawk ESV, Inc.,

       Defendant.

This case is before the Court on a Report and Recommendation (R&R) issued by the Honorable Jeanne J. Graham, United States Magistrate Judge, on April 1, 2010. The magistrate judge recommended that the Motion for Partial Summary Judgment of Mohawk Carpet Distribution, L.P., be granted and that Melinda Ladd's claims for disability discrimination, sex discrimination, defamation, breach of contract, and promissory estoppel be dismissed. Ladd objected to the R&R. Mohawk responded to Ladd's objection.[1]

The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b). Based on that review, the Court adopts the R&R in its entirety with respect to Ladd's claims for disability discrimination, defamation, and breach of contract. The Court also adopts the R&R's recommended dismissal of Ladd's sex discrimination claim insofar as the recommendation is based on the lack of evidence to support a finding that Mohawk's legitimate non-discriminatory reasons for the adverse employment action were pretext for unlawful discrimination. Finally, the Court adopts the R&R's recommendation that summary judgment on Ladd's promissory estoppel claim is warranted. The R&R determined that the enforcement of the alleged August 8, 2007, job offer by Mohawk's district manager was not necessary to prevent injustice because

---

[1]     The Court disregards Ladd's letter objecting to the timeliness of Mohawk's response.

Ladd later learned that her employment was subject to the successful completion of a background check and because public policy did not support the enforcement of the offer. Additional considerations support this conclusion. Before the August 8 offer was made, Ladd: knew the job required driving; knew she did not have a valid driver's license; knew that she was on probation for a drunk-driving conviction; and completed an online application that obscured the fact that she did not have a valid driver's license. *Cf. Ferris v. Bodycote Lindberg Corp.*, Civ. No. 01-1689, 2003 U.S. Dist. LEXIS 11250, at *13-14 (D. Minn. June 30, 2003) (finding plaintiff's pre-offer knowledge of job's physical requirements and his medical restrictions precluded a finding of injustice). Therefore, IT IS ORDERED THAT:

1. Mohawk's Motion for Partial Summary Judgment [Docket No. 22] is GRANTED.

2. Counts one through four of the Amended Complaint [Docket No. 11] are DISMISSED WITH PREJUDICE.

Dated: June 17, 2010

                                          s/ Joan N. Ericksen
                                          JOAN N. ERICKSEN
                                          United States District Judge